**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                                         :
SHELDON JACKSON, on behalf of himself and     :
all others similarly situated,                               :
                                                         :
                      Plaintiff,                          :   Civil Action No.
                                                         :
vs.                                                       :   **CLASS ACTION COMPLAINT AND**
                                                         :   **JURY TRIAL DEMAND**
I.C. SYSTEM, INC.,                                        :
                                                         :
                      Defendant.                          :
                                                         :
—————————————————————X

     Plaintiff SHELDON JACKSON, on behalf of himself and all others similarly situated, (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant I.C. SYSTEM, INC. ("Defendant"), the following:

**PRELIMINARY STATEMENT**

     1.    Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

**DEFINITIONS**

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**JURY DEMAND**

5.      Plaintiff demands a jury trial on all issues.

**PARTIES**

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey, County of Bergen and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief, Defendant I.C. SYSTEM, INC. is a Minnesota corporation with its principle place of business located at 99 Hwy 96 E, Vadnais Heights, MN  55127.

9.      Upon information and belief, Defendant is a company that uses the mail,

telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action. The Classes consist of:

 • All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

• All New Jersey consumers where Defendant sent information concerning the consumer's debt to a third-party letter vendor without obtaining the prior consent of the consumer.

• The Class period begins one year to the filing of this Action.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or

notice that is sent to hundreds of persons (See **Exhibit A)**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c(b), 1692e, 1692f and/or 1692g, and subsections therein;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

4

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.     Prior to June 9, 2020, Plaintiff allegedly incurred a financial obligation to American Anesthesiology of New Jersey, PC ("AANJ") related to a consumer debt for medical services ("the Debt").

15.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.     The alleged AANJ Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     AANJ is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.     At some time prior to June 9, 2020, the AANJ Debt obligation became past due with a balance of $717.00.

19.

20.     At some point prior to June 9, 2020, the Debt was referred for collection by AANJ to Defendant.

21.     At the time the AANJ Debt was placed with Defendant, the balance was past due.

22.     On or about June 9, 2020, Defendant sent Plaintiff a collection letter ("the Collection Letter") with respect to the Debt seeking to collect $717.00.  See, attached Exhibit A.

23.     The Collection Letter was sent in connection with the collection of the AANJ obligation.

24.     The June 9, 2020 collection letter was a "communication" as defined by 15 U.S.C. §1692a(2).

25.     The June 9, 2020 collection letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

26.     The Collection Letter contained the following language ("Credit Reporting Language"):

> The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name.  You have the right to inspect your credit file in accordance with federal law.  I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

27.     The Credit Reporting Language statement that the account information will be reported to the national credit reporting agencies implies that Plaintiff's account information will be reported to at least Experian, Transunion, Equifax and possible other national credit reporting agencies.

28.     However, despite this language contained in the Credit Reporting Language, no such account information was sent to any or all of the national credit reporting agencies.

29.     As such, the Credit Reporting Language is false, deceptive and/or misleading in that it threatens credit reporting when in fact no such credit reporting ever took place.

30.     Additionally, the sentence in the Credit Reporting Language that "I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below" is also false, deceptive and misleading and violates Plaintiff's rights under section 1692g

31.     If Plaintiff were to dispute the debt within the 30 day period provided for by 1692g(a), then Defendant would not be able to credit report until after providing verification of the debt, even if the 30 day period provided for in the 1692g notice had already passed.

32.     Thus, Defendant's statement that it will credit report after the 30 day time period has expired is false and not true, since if the consumer were to dispute the debt, then Defendant still could not credit report until after it has provided verification of the debt.

33.     The Collection Letter was the first written communication by Defendant to Plaintiff with respect to the Debt.

34.     As the initial written communication, the Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

35.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

36.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

37.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a

statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

38.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

39.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

41.    A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

42.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

43.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

44.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the

disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

45.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

46.     The front side of each collection letter included the following statement ("The Statement"):

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  lf you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. 1f you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

47.     The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

48.     The Statement does not direct the consumer to dispute the Debt with a particular address for an in writing dispute.

49.     The Collection Letter includes three separate addresses for Defendant.

50.     The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which of the three addresses the debt dispute letter should be sent.

51.     The body of the letter provides a first address for Defendant ("the First Address") of:

                444 Highway 96 East

PO Box 64378
St. Paul MN  55164-0378

52.     The bottom left of the front page of the Collection Letter contains a second address for Defendant ("the Second Address"):

PO Box 64437
Saint Paul, MN  55164-0437

53.     The bottom left of the front page of the Collection Letter contains a third address for Defendant ("the Third Address"):

PO Box 64378
Saint Paul, MN  55164-0378

54.     The least sophisticated consumer may decide not to dispute the Debt since he or she would not know which of the three addresses to use to dispute the Debt.

55.     Alternatively, the least sophisticated consumer may believe that he or she would have to send three dispute letters, one to each address, in order to dispute the Debt, and thus decide that doing so would be too expensive or too difficult to do.

56.     The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the Debt and obtain verification of the Debt.

57.     In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

58.     Additionally, when Defendant decided to contact Plaintiff via written correspondence, it did not prepare and mail the Collection Letter on its own.

59.     Rather, Defendant sent information regarding Plaintiff's account to a third-party letter vendor (the "Letter Vendor").

60.     In its communications with the Letter Vendor, Defendant disclosed the

11

following information to the Letter Vendor:

     a. Plaintiff's status as a debtor;

     b. The fact that Plaintiff allegedly owed $717.00 to AANJ.; and,

     c. Other highly personal and confidential information about Plaintiff and his account.

61.     The Letter vendor then populated some or all of this information into a pre-written template, which it printed and mailed to Plaintiff's residence in New Jersey.

62.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

63.     The sending of an electronic file containing information about Plaintiff's purported debt to the Letter Vendor is therefore a communication.

64.     Defendant's communication to the Letter Vendor was in connection with the collection of a Debt, since it involved disclosure of the Debt to a third-party with the objective being communication with, and motivation of, the consumer to pay the alleged Debt.

65.     Plaintiff never consented to having her personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

66.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, <u>with any person</u> other than <u>the consumer, his attorney, a</u>

consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(emphasis added).

67.     The Letter Vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provide for in section 1692c(b).

68.     Due to Defendant's communication to the Letter Vendor, information about Plaintiff, including his or name, the amount allegedly owed, Plaintiff's home address and other information were all within the possession of an unauthorized third-party.

69.     Defendant unlawfully communicated with the unauthorized Letter Vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it disclosed to such third-party.

70.     In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

71.     As a result of Defendant's conduct, Plaintiff was harmed by being subject to abusive collection practices, from which he or she had a substantive right to be free of having his her privacy invaded and by having her private and protected information shared and disseminated with unauthorized parties.

72.     Additionally, the Collection Letter provides:

**Service Location: Ashraf, Waseem**

73.     However, this does not appear to be a service location, but rather the name of an individual.

74.     The use of a person's name next to the "Service Location" renders the collection letter confusing and misleading.

75.     As a result of Defendant's conduct, Plaintiff sustained a concrete, actual injury.

76.     Additionally, the Collection Letter is unclear as to who Defendant represents.

77.     While the Collection Letter identifies the current creditor and the original creditor, it does not indicate who the Defendant was retained by. The Collection Letter simply says, "We have been asked to contact you to arrange a resolution of your delinquent," but does not say who hired Defendant.  Thus, the consumer has no idea what the exact relationship is between the creditor and the Defendant.

78.     In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

79.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

80.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

81.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

82.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

83.     Defendant's communications were designed to cause Plaintiff to suffer a

harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

84.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

85.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

86.    It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

87.    On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

88.    Plaintiff repeats the allegations contained in paragraphs 1 through 86 as if the same were set forth at length.

89.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

90.    Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A.  15 U.S.C. §1692c, by conveying Plaintiff's information to a third –party;

B.  15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff;

C.  15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

D.  15 U.S.C. 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken;

E.  15 U.S.C. 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be  known to be false, including the failure to communicate that a disputed debt is disputed;

F.  15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

G.  15 U.S.C. §1692f, by using unfair means in connection the collection of a debt, including by knowingly disclosing sensitive information about Plaintiff's debt to third parties not expressly authorized under the FDCPA;

H.  15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

I.  15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.


**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
     June 9, 2021

Respectfully submitted,

By: <u>s/ Lawrence C. Hersh</u><br>Lawrence C. Hersh, Esq.<br>17 Sylvan Street, Suite 102B<br>Rutherford, NJ  07070<br>(201) 507-6300<br>*Attorney for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 9, 2021               By: <u>s/ Lawrence C. Hersh</u>

                                   Lawrence C. Hersh, Esq.

EXHIBIT A

![IC System logo] **System**

ACCOUNT SUMMARY

**ACCOUNT SUMMARY**

| | |
|---|---|
| **Creditor:** | American Anesthesiology of New Jersey, PC |
| **Service Location:** | Ashraf, Waseem |
| **Account No.:** | ▓▓▓▓▓▓▓▓50G |
| **I.C. System Reference No.:** | ▓▓▓▓▓▓▓9-1-29 |

| **BALANCE DUE:** | **$717.00** |
|---|---|

# COLLECTION NOTICE

6/9/2020

Sheldon Jackson:

Your delinquent account has been turned over to this collection agency. American Anesthesiology of New Jersey, PC is both the original and current creditor to whom this debt is owed.

The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name. You have the right to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

Please tear off the bottom portion of this letter and return it with your payment.

If you will be receiving a tax refund and would like to use it to pay your account, please call us to make payment arrangements.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

NOTICE

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

I.C. System, Inc.|444 Highway 96 East, PO Box 64378, St. Paul MN 55164-0378



**YOU HAVE OPTIONS**

💻 For questions or payment please go to: https://www.icsystem.com/consumer

✉️ Mail check or money order payable to I.C. System, Inc. with coupon below

📱 Call Toll-Free at 844-461-8831

P.O. Box 64437
St. Paul, MN 55164-0437
Electronic Service Requested

**BALANCE DUE:**                    **$717.00**

**I.C. System Reference No.:** ███████-1-29

☐ Address Changed?
STREET _____
CITY _____ STATE _____ ZIP _____
Billing Phone Number _____

Pay Online at
https://www.icsystem.com/consumer

MAKE CHECK OR MONEY ORDER PAYABLE TO:

SHELDON JACKSON

I.C. SYSTEM, INC.
PO BOX 64378
SAINT PAUL MN 55164-0378

0510000007170021758150900129O101

1 of 1