<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHELDON JACKSON,<br><br>      Plaintiff,<br><br>      v.<br><br>I.C. SYSTEM, INC.,<br><br>      Defendant. | Civil Action No. 21cv12342 (EP) (CLW)<br><br>**OPINION** |

**PADIN**, **District Judge.**

Plaintiff Sheldon Jackson, on behalf of himself and a putative class, asserts various Federal Debt Collection Practices Act ("FDCPA") claims against Defendant I.C. System, Inc. stemming from a June 9, 2020 debt collection letter. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff lacks standing because the Complaint does not allege a concrete injury. D.E. 19. The Court decides the motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons below, the Court will **GRANT** the motion and **DISMISS** the Complaint without prejudice.

**I.    BACKGROUND**

The Complaint's facts, assumed for this motion's purposes to be true, allege that Defendant, a debt collector, sent Plaintiff a letter dated June 9, 2020 (the "Letter") attempting to collect a consumer debt for medical services. D.E. 1 ("Compl.") ¶ 14. Plaintiff alleges that the Letter contains six FDCPA violations:

    1.  The Letter falsely implied that Plaintiff's account would be reported to credit reporting agencies. ¶¶ 26-29.

2. The Letter misrepresented when Plaintiff's account could and/or would be reported to the credit reporting agencies. ¶¶ 30-32.
3. The Letter did not clearly convey how to dispute the debt because it listed three different addresses. ¶¶ 33-57.
4. The Letter unlawfully disclosed Plaintiff's confidential information and status as a debtor to a third-party letter vendor who actually mailed the Letter. ¶¶ 58-71
5. The Letter listed "Service Location: Ashraf, Waseem," rendering the letter "confusing and misleading." ¶¶ 72-75.
6. The Letter "is unclear as to who Defendant represents." ¶¶ 76-77.

Defendant moves to dismiss, arguing that Plaintiff lacks Article III standing because the Complaint has not alleged concrete injury. D.E. 19. Plaintiff opposes. D.E. 23. Defendant has replied. D.E. 24.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations, but it must assert "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). All facts in the complaint must be accepted as true and all reasonable inferences drawn in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (*en banc*).

However, jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). A motion to dismiss for lack of standing may be brought as a facial challenge. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

Upon such challenges, the court only considers the allegations of the complaint and documents referred to therein, construed in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

But even if Defendant had not moved to dismiss for lack of standing, courts have an independent obligation to assess whether standing exists. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12 (h)(3); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (A court "can dismiss a suit *sua sponte* for lack of subject jurisdiction at any stage in the proceeding.").

### III. DISCUSSION

The standing doctrine is rooted in Article III of the U.S. Constitution, which limits the judicial power of federal courts to deciding only "cases" or "controversies." § 2. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). This limitation serves the purpose of "prevent[ing] the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty*, 568 U.S. 398, 408 (2013) (citations omitted). Absent standing, there is no case or controversy, and a federal court cannot exercise subject-matter jurisdiction over the plaintiff's claims.

To satisfy Article III's standing requirements, a plaintiff must show: "(1) …an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Where, as here, a

plaintiff pursues multiple claims and avenues for relief, "[a] plaintiff[] must demonstrate standing for each claim that [he] press[es] and for each form of relief that [he] seek[s]." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).

The Supreme Court recently clarified that the concrete-injury requirement necessitates at least some measure of alleged harm. First, in *Spokeo Inc. v. Robins*, the Court held that the plaintiff had not suffered a concrete injury under the Fair Credit Reporting Act ("FCRA") when Spokeo, a credit reporting service, reported false information about Robins. 578 U.S. at 333. The Court allowed that "concrete" is not the same as "tangible," and that Congress has the power to "identify[] and elevat[e] intangible harms" to *de facto* injuries that provide standing. *Id.* at 341. The Court held, however, that "Article III standing requires a concrete injury even in the context of a statutory violation." Thus, "Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

More recently, in *TransUnion v. Ramirez*, the plaintiffs claimed reputational injuries stemming from allegations that the credit reporting agency, TransUnion, violated the FCRA by failing to use reasonable procedures to ensure the accuracy of their credit files. 141 S. Ct. at 2200. Specifically, TransUnion provided credit reports to third parties bearing misleading alerts that the individual consumers' names were "potential matches" to names on the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") list of terrorists, drug traffickers, and other serious criminals. *Id.* at 2201.

The Court explained that for Article III standing purposes, courts should assess whether the alleged injury to the plaintiff has a "close relationship" to a harm "traditionally" recognized as providing a basis for a lawsuit in American courts. 141 S. Ct. at 2204. That inquiry asks whether plaintiffs have identified a close historical or common-law analogue (an exact copy is not required)

for their asserted injury. *Id.* "Courts must afford due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a plaintiff a cause of action to sue over the defendant's violation of that statutory prohibition or obligation," but Congress "may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is." *Id.* at 2204-05. Thus, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* (quoting *Spokeo*, 578 U. S. at 341). Therefore, while all *TransUnion* class members had OFAC alerts in their credit files, only the 20 percent of the class had their credit reports shared with third parties demonstrated concrete reputational harm, and thus had Article III standing. *Id.* at 2202.

*TransUnion* has been applied numerous times to FDCPA actions, like this one, to dismiss cases alleging incorrect, misleading, or missing information. The common thread in these cases is that "informational injury that causes no adverse effects cannot satisfy Article III." *Id.* at 2214 ("[T]he plaintiffs have identified no 'downstream consequences' from failing to receive the required information."). To demonstrate standing, there must be an interest "beyond bringing [this] lawsuit." *Shi v. TL & CG Inc.*, No. 19-CV-08502, 2022 U.S. Dist. LEXIS 121980, at *22-23 (S.D.N.Y. July 11, 2022) (quoting *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir. 2022)); *see also Kwasniewski v. Medicredit, Inc.*, No. 19-CV-701, 2021 U.S. Dist. LEXIS 13124, 2021 WL 248442, at *3 (W.D. Wis. Jan. 25, 2021) (explaining that confusing information may give rise to an injury if "the confusion leads her to pay something she does not owe, or pay a debt with interest running at a low rate when the money could have been used to pay a debt with interest running at a higher rate") (quoting *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020), *reh'g denied* (Jan. 11, 2021)); *accord Kola v. Forster & Garbus LLP*, 2021 WL 4135153, at *7 (S.D.N.Y. Sept. 10, 2021) (holding plaintiff did not show "concrete harm" after

5

receiving a misleading letter from a debt collector because plaintiff did not rely on the statements in the letter).

Construing all of the well-pled factual allegations in the Complaint and drawing all possible inferences in Plaintiff's favor, Plaintiff asserts six claims:

1. The Letter falsely implied that Plaintiff's account would be reported to credit reporting agencies. ¶¶ 26-29.
2. The Letter misrepresented when Plaintiff's account could and/or would be reported to the credit reporting agencies. ¶¶ 30-32.
3. The Letter did not clearly convey how to dispute the debt because it listed three different addresses. ¶¶ 33-57.
4. The Letter unlawfully disclosed Plaintiff's confidential information and status as a debtor to a third-party letter vendor who actually mailed the Letter. ¶¶ 58-71
5. The Letter listed "Service Location: Ashraf, Waseem," rendering the letter "confusing and misleading." ¶¶ 72-75.
6. The Letter "is unclear as to who Defendant represents." ¶¶ 76-77.

All but the fourth claim fall into the same category of misleading or unclear informational injury claims. But as discussed above, confusion alone, without any concrete injury, is insufficient to confer standing. *See Madlinger v. Enhanced Recovery Co., LLC*, Civil Action No. 21-00154, 2022 U.S. Dist. LEXIS 109328, at *13-14 (D.N.J. June 21, 2022) (quoting *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 363 (6th Cir. 2021) ("confusion alone is not a concrete injury for Article III purposes") and *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022) (plaintiff's testimony that the debt collector's letter confused her as to whether she could be sued for the debt was inadequate to confer standing)); *see also Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 19-CV-275, 2022 U.S. Dist. LEXIS 229810, at *5-6 (E.D.N.Y. Dec. 21, 2022) ("The most obvious [common-law analogue] candidate is a claim for negligent or intentional misrepresentation, but both require actual damages flowing from some form of reliance.") (cleaned up)); *cf. Hart v. Simon's Agency, Inc.*, No. 5:19-CV-00342, 2022 U.S. Dist. LEXIS 178298, at

\*11-12 (N.D.N.Y. Sep. 30, 2022) (standing exists where incorrect tradeline from Equifax resulted in rejection of credit card application).  Because no concrete injury is alleged that flows from the allegedly misleading or incorrect information, there is no standing.

The remaining claim, that the Letter disclosed Plaintiff's confidential information and status as a debtor to a third-party vendor who mailed the Letter, is likewise deficient.  The *TransUnion* plaintiffs raised a similar argument.  But in *dicta*, the Supreme Court rejected it because American courts have not traditionally recognized intracompany disclosures as actionable for defamation purposes, and generally require evidence that the document was actually read and not merely processed.  *TransUnion LLC v. Ramirez*, 141 S. Ct. at 2210, n.6.

And since *TransUnion*, most courts to analyze this type of claim have rejected it.  *Hunstein v. Preferred Collection & Mgmt. Servs.*, 48 F.4th 1236, 1241 (11th Cir. 2022) (*Hunstein II*) ("Because Hunstein has alleged only a legal infraction — a 'bare procedural violation' — and not a concrete harm, we lack jurisdiction to consider his claim.") (*en banc*) (*reversing Hunstein v. Proferred Collection and Mgmt. Svcs., Inc.*, 17 F.4th 1016, 1033 n.13 (11th Cir. 2021) ("*Hunstein I*")); *Burris v. Weltman, Weinberg & Reis, Co., L.P.A.*, No. 1:21-cv-01923, 2022 U.S. Dist. LEXIS 149589, at \*6 (M.D. Pa. Aug. 19, 2022) (collecting cases) ("By and large, courts have concluded that a debt collector's use of a third-party mail vendor does not, without more, confer standing to pursue a claim for violations.").  In the absence of any allegation of concrete harm, this Court will do the same.[1]

Plaintiff's opposition cites just two cases in support of preserving the Complaint.  The first is *Velez-Aguilar v. Sequium Asset Sols., LLC*, No. 2:21-cv-14046, 2022 U.S. Dist. LEXIS 8842

---

[1] The Court notes also that the Complaint appears to be generic boilerplate, as evidenced, for example, by inconsistent pronoun usage when referring to Plaintiff.  ¶ 60(c) ("his"), ¶ 65 ("her"), ¶ 68 ("his or her"), 71 ("he or she," "his her," "her").

(D.N.J. Jan. 18, 2022), which is of limited persuasive value because it does not discuss *TransUnion*. And the second is *Khimmat v. Weltman, Weinberg & Reis Co., LPA*, 585 F. Supp. 3d 707, 713 (E.D. Pa. 2022), which relied on the *TransUnion* dicta referenced above and *Hunstein I*. This Court finds *Hunstein II*'s reasoning more persuasive: a debt collector sharing a debtor's information with a vendor who simply mails information back to that debtor "cannot be said to have a 'close relationship' with a tort which, at its core, requires either actual public disclosure or a substantial certainty that the disclosed information will reach the public at large." *Hunstein II*, 48 F.4th at 1248. In the absence of any allegation of any concrete harm—for example, that any member of the public actually learned of Plaintiff's debtor status—there is no concrete harm, and therefore no standing. Accordingly, dismissal is appropriate.

## IV.    CONCLUSION

For the reasons above, the Court will GRANT Defendant's motion and DISMISS the Complaint. Because the dismissal is based on lack of standing, and therefore lack of jurisdiction, the dismissal will be without prejudice. *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020).

Dated: January 11, 2023

Evelyn Padin, U.S.D.J.